NII.8326

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TERRENCE J. FOREMAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **JOHN DOE DRIVER and** | § | **JURY DEMAND** |
| **MABE TRUCKING CO., INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

**TO THE UNITED STATES DISTRICT CLERK:**

Pursuant to 28 U.S.C. § 1447(b), attached hereto are the following complete true and correct copies of all documents filed in the state court action:

1. Case Docket Sheet as of 3/15/2017
2. Civil Case Information Sheet (2.15.17)
3. Plaintiff's Original Petition (2.15.17)
4. Citation Issued for Service on Mabe Trucking Co., Inc. (2.16.17)
5. Citation Issued for Service on John Doe Driver (2.16.17)
6. State Court Notices setting on dismissal docket (2.21.17)
7. Return of Service on Mabe Trucking Co., Inc. (3.3.17)
8. Defendant Mabe Trucking Co., Inc.'s Original Answer (3.15.17)

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/Michael P. Sharp*
_____
**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**ADAM J. STRANGE**
State Bar No. 24090763
astrange@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANT MABE
TRUCKING CO., INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2017, the foregoing Notice of Removal
was filed with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using
the electronic case filing system of the court.  The electronic case filing system sent a "Notice of
Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as
service of documents by electronic means.

Larry Rolle
Rolle, Breeland & Wingler
2030 Main Street, Suite 200
Dallas, Texas 75201

*/s/Michael P. Sharp*
_____
**MICHAEL P. SHARP**

## Case Information

DC-17-01804 | TERRENCE J FOREMAN vs. JOHN DOE DRIVER, et al

| Case Number | Court | File Date |
| --- | --- | --- |
| DC-17-01804 | 101st District Court | 02/15/2017 |
| Case Type | Case Status | |
| MOTOR VEHICLE ACCIDENT | OPEN | |

## Party

**PLAINTIFF**
FOREMAN, TERRENCE J

Address
2030 MAIN STREET
SUITE 200
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
ROLLE, LAWRENCE F
Retained

Work Phone
214-742-8897

Fax Phone
214-637-6872

**DEFENDANT**
DOE DRIVER, JOHN

**DEFENDANT**
MABE TRUCKING CO., INC.

Active Attorneys ▾
Lead Attorney

Address
BY SERVING ITS REGISTERED AGENT ROGER DALE MABE, JR.
1603 MILL AVENUE
EDEN NC 27288

SHARP, MICHAEL PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

## Events and Hearings

02/15/2017 NEW CASE FILED (OCA) - CIVIL

02/15/2017 ORIGINAL PETITION ▾

POP.OCR.pdf

02/15/2017 CASE FILING COVER SHEET ▾

Civil Case Information Sheet.OCR.pdf

02/15/2017 ISSUE CITATION

02/16/2017 CITATION ISSUED ▾

DC-17-01804.pdf

DC-17-01804-2.pdf

02/16/2017 CITATION ▾

Anticipated Server
ESERVE

Anticipated Method
Anticipated Server
ESERVE

Anticipated Method
Actual Server

OUT OF STATE

Returned
**03/03/2017**

03/03/2017 RETURN OF SERVICE ▾

MABE

Comment
**CIT EXEC 2/24/17 TO MABE TRUCKING CO INC NORTH CAROLINA**

03/15/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Mabe Trucking Co., Inc.'s Original Answer (3.15.17).pdf

04/14/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

Judicial Officer
**WILLIAMS, STACI**

Hearing Time
**9:00 AM**

## Financial

FOREMAN, TERRENCE J

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $295.00 |
| | Total Payments and Credits | | | $295.00 |
| 2/15/2017 | Transaction Assessment | | | $295.00 |
| 2/15/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 9350-2017-DCLK | FOREMAN, TERRENCE J | ($295.00) |

## Documents

POP.OCR.pdf

Civil Case Information Sheet.OCR.pdf

DC-17-01804.pdf

DC-17-01804-2.pdf

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

MABE

Mabe Trucking Co., Inc.'s Original Answer (3.15.17).pdf

FILED
DALLAS COUNTY
2/15/2017 7:44:15 AM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

# CIVIL CASE INFORMATION SHEET

DC-17-01804

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED ___TERRANCE J. FOREMAN V. JOHN DOE DRIVER, ET ALS___
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br><br> ___Larry Rolle___ | Email: <br><br> larryr@rbrl.com | Plaintiff(s)/Petitioner(s): <br><br> TERRANCE J. FOREMAN <br><br> _____ | ☒Attorney for Plaintiff/Petitioner <br> ☐Pro Se Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: _____ |
| Address: <br><br> 2030 Main Str, Ste. 200 | Telephone: <br><br> 214-742-8897 | | Additional Parties in Child Support Case: |
| City/State/Zip: <br><br> Dallas, TX 75201 | Fax: <br><br> 214-637-6872 | Defendant(s)/Respondent(s): <br><br> JOHN DOE DRIVER <br> MABE TRUCKING CO. INC. | Custodial Parent: <br><br> _____ <br><br> Non-Custodial Parent: |
| Signature: <br><br> /s/Larry Rolle | State Bar No: <br><br> 17212600 | _____ <br><br> _____ <br> [Attach additional page as necessary to list all parties] | _____ <br><br> Presumed Father: <br><br> _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** |

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br> _____ <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☐Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: <br> _____ | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional <br> Liability: <br> _____ <br> ☒Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability <br> List Product: <br> _____ <br><br> ☐Other Injury or Damage: <br> _____ | ☐Eminent Domain/ Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br> _____ <br><br> **Related to Criminal Matters** <br> ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— Pre-indictment <br> ☐Other: _____ | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children <br><br> **Other Family Law** <br> ☐Enforce Foreign Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities of Minority <br> ☐Other: _____ | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other <br><br> **Title IV-D** <br> ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order <br><br> **Parent-Child Relationship** <br> ☐Adoption/Adoption with Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Parentage/Paternity <br> ☐Termination of Parental Rights <br> ☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: <br> _____ | ☐Administrative Appeal <br> ☐Antitrust/Unfair Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

FILED
DALLAS COUNTY
2/15/2017 7:44:15 AM
FELICIA PITRE
DISTRICT CLERK

NO. _____
DC-17-01804

Christi Underwood

| | | |
|---|---|---|
| TERRENCE J. FOREMAN, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| JOHN DOE DRIVER and MABE | § | |
| TRUCKING CO., INC., | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME TERRENCE J. FOREMAN, hereinafter referred to as Plaintiff, complaining of and about JOHN DOE DRIVER and MABE TRUCKING CO., INC., hereinafter referred to as Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2. Plaintiff seeks only monetary damages over $100,000.00 but not more than $200,000.00, including damages, of any kind, penalties, costs, pre-judgment interest, and attorney fees.

### PARTIES AND SERVICE

2.     Plaintiff, TERRENCE J. FOREMAN, is an individual residing in Mesquite, Dallas County, Texas.

3.     The last three numbers of TERRENCE J. FOREMAN's social security number are 982.

4.     Defendant JOHN DOE DRIVER, an Individual, may be served with process at a later date and time. Service of said Defendant as described above can be effected by personal delivery.

---

PLAINTIFF'S ORIGINAL PETITION                                                   Page 1

5.     Defendant MABE TRUCKING CO., INC., is a Corporation doing business in the State of Texas, may be served with process through their registered agent, Roger Dale Made, Jr., 1603 Mill Avenue, Eden, North Carolina 27288.

## JURISDICTION AND VENUE

6.     The subject matter in controversy is within the jurisdictional limits of this court.

7.     This court has jurisdiction over the parties because Defendants are Texas residents.

8.     Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.     On or about March 3, 2015, Plaintiff TERRENCE J. FOREMAN was traveling southbound on Lancaster Avenue in Dallas, Texas traveling straight in the far left lane when Defendant JOHN DOE DRIVER, driving a truck owned, leased to, or otherwise under the control of Defendant MABE TRUCKING CO., INC., was also traveling southbound on Lancaster Avenue in the middle lane and proceeded to make a U turn causing the rear of the 18 wheeler trailer to collided with Plaintiff's vehicle.

10.     At the time of the collision at issue, Defendant JOHN DOE DRIVER was in the course and scope of his employment for Defendant MABE TRUCKING CO., INC.

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST JOHN DOE DRIVER

11.     Defendant JOHN DOE DRIVER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those

described herein.

12.     Plaintiff's injuries were proximately caused by Defendant JOHN DOE DRIVER's

negligent, careless and reckless disregard of said duty.

13.     The negligent, careless and reckless disregard of duty of Defendant JOHN DOE

DRIVER consisted of, but is not limited to, the following acts and omissions:

> A.     In that Defendant JOHN DOE DRIVER failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B.     In that Defendant JOHN DOE DRIVER failed to turn his tractor trailer to the right or left in an effort to avoid the collision complained of;
>
> C.     In that Defendant JOHN DOE DRIVER failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and his tractor trailer which would permit Defendant JOHN DOE DRIVER to bring his truck to a safe stop without colliding into Plaintiff's motor vehicle;
>
> D.     In that Defendant JOHN DOE DRIVER failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;
>
> E.     In that Defendant JOHN DOE DRIVER was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;
>
> F.     In that Defendant JOHN DOE DRIVER made a u-turn when unsafe; and
>
> F.     In that Defendant JOHN DOE DRIVER failed to apply his brakes to his truck in a timely and prudent manner and/or wholly failed to apply his brakes.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST MABE TRUCKING CO., INC.

14.     Because of the acts and/or omissions of its employee, Defendant MABE

TRUCKING CO., INC. is responsible for the actions and/or omissions of its employee under the

doctrine of *respondeat superior and/or vicarious liability.*

## DAMAGES FOR PLAINTIFF, TERRENCE J. FOREMAN

15.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, TERRENCE J. FOREMAN was caused to suffer severe injuries, and to incur the

following damages:

A.    Reasonable medical care and expenses in the past in the amount of $7,874.46. These expenses were incurred by Plaintiff, TERRENCE J. FOREMAN for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Mental anguish in the past;

H.    Mental anguish in the future; and

I.    Lost wages.

## DISCOVERY REQUEST

### A. Request for Disclosure

Defendants are hereby requested to disclose, within fifty (50) days of service of this petition and incorporated request, the information or material described in Rule 194.2(a)-(i) of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**B.  Interrogatories**

Defendants are hereby requested to answer, within fifty (50) days of service this petition and incorporated request, the interrogatories attached hereto as "Exhibit A," separately, fully, in writing, and under oath, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**C.  Request For Production**

Defendants are hereby requested to produce, within fifty (50) days of service of this petition and incorporated request the documents and tangible items in the list attached hereto as "Exhibit B," pursuant to Rule 196 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**D.  Request For Admissions**

Defendants are hereby requested to admit or deny, in writing, within fifty (50) days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as "Exhibit C," pursuant to Rule 198 of the Texas Rules of Civil Procedure, to the undersigned counsel of record for Plaintiff.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, TERRENCE J. FOREMAN respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**ROLLE, BREELAND & WINGLER**

 /s/Larry Rolle
**LARRY ROLLE**
State Bar No. 17212600

---

2030 Main Street, Suite 200
Dallas, Texas 75201
larryr@rbrl.com
Tel: (214) 742-8897
Fax: (214) 637-6872

## "EXHIBIT A"

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to the Defendant who the requests are directed to, that named Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of that named Defendant, whether authorized to do so or not.

2.      As used herein, the term "collision" shall refer to the collision that occurred on March 3, 2015 and that makes the basis of this suit.

3.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

4.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in

your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

5.      "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

6.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to

whom such document, or a copy thereof, was sent; and

      (vii) the physical location of the document and the name of its custodian or custodians.

7.    "Settlement": as used herein, means:

    (a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

    (b)    any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant.

    (c)    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

8.    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT JOHN DOE DRIVER

1.　Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER:**

2.　State the style, court and cause number of any lawsuit you have been a party to and the final disposition of said suit within the last five (5) years.

**ANSWER:**

3.　For the last five (5) years, list your traffic violation record, including but not limited to any citation, ticket, or warning received in connection with the collision made the basis of this lawsuit. With respect to any such citation or ticket received in connection with the collision made the basis of this lawsuit, please state the disposition, your exact plea, any amount(s) you paid in fees or fines, and any other penalties assessed against you or corrective actions undertaken by you (i.e, jail time, community service, restitution, defensive driving course, etc.).

**ANSWER:**

4.　If, in the past ten (10) years, you have ever been arrested, charged with, or convicted of any crime (including as a result of the occurrence made the basis of this lawsuit), please state what you have been arrested for charged with, or convicted of, and state the date, place, and ultimate disposition of the offenses.

**ANSWER:**

5.　Please state whether you have ever been involved in another motor vehicle accident. If so, please list the date and location of such accident, the parties involved (including name, address and telephone number) and a factual description of the accident.

**ANSWER:**

6.　Please state whether your driver's license has ever been suspended or revoked; if the

---

answer is "yes", please state from what date it was suspended or revoked, upon what date it became reinstated (if applicable), under what circumstances it became suspended or revoked, and the entity or agency which declared it to be suspended or revoked.

**ANSWER:**

7.   If you consumed any alcoholic beverage or any type of drug (whether prescription, non-prescription, over the counter, recreational, or illegal) in the twelve (12) hour period immediately preceding the collision, please state what was consumed, the time it was consumed, the quantity you consumed, the place where you consumed it, and identify by name, address, and telephone number any other person(s) present when you consumed it.

**ANSWER:**

8.·   If you contend that you were injured in the collision, please describe the injuries sustained.   If medical attention was necessary, when did you first see a physician regarding these injuries?

**ANSWER:**

9.   Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise from any person.  If so, please identify the individual from whom the statement was taken and the date the statement was taken.  If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photograph the same.

**ANSWER:**

10.   Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agent, servant employee of Plaintiff.  Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

**ANSWER:**

11.   Do you contend that Plaintiff violated any traffic laws at the time or immediately prior to the collision?  If so, describe what you contend to be the violation or give the statute

number of the violation.

**ANSWER**:

12.    State the name and address of the owner and all occupants of the vehicle which you were operating at the time of the collision.

**ANSWER**:

13.    Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER**:

14.    Please give a detailed description of exactly how the collision occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  Please draw a diagram to indicate the location of the collision and the direction that the vehicles were traveling at the time of the collision.

**ANSWER**:

15.    Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**ANSWER**:

16.    If the amount of the stated coverage of any liability insurance policy you have described above is subject to change or reduction by reason of prior claims during the applicable policy period, by reason of attorney expenses in the defense of this or other claims, or for any other reason, state the present amount remaining under such coverage available to pay any judgment in this case, and describe in detail how the sum was arrived at.

**ANSWER**:

17.    If the insurance policy you have described above is a single limit policy, state what amounts have been paid to any other claimant that would serve to reduce the amount of available coverage under such policy.

**ANSWER:**

18.    Describe the unknown vehicle that you claim hit you and pushed you into Plaintiff's vehicle.

**ANSWER:**

19.    Are you aware of any witnesses to the collision?  If so, please state each witness's name, address and telephone number.

**ANSWER:**

20.    At the time of the collision, were you operating your cell phone in anyway?

**ANSWER:**

21.    Did you contact anyone immediately following the collision?  If so, please give the name of each individual you contacted and explain, in detail, the conversation between you and each individual.

**ANSWER:**

## VERIFICATION

| | | |
|---|---|---|
| **STATE OF TEXAS** | | § |
| | | § |
| **COUNTY OF** _____ | | § |

BEFORE ME, the undersigned authority, personally appeared JOHN DOE DRIVER, who stated, upon oath, that the statements made in the foregoing instrument are within her personal knowledge and are true and correct.

_____

JOHN DOE DRIVER


**SUBSCRIBED AND SWORN TO BEFORE ME** on this _____ day of

_____ 2017, to certify which witness my hand and seal of office.


_____

Notary Public, State of Texas

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT MABE TRUCKING CO., INC.

1. Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER:**

2. State the style, court and cause number of any lawsuit you have been a party to and the final disposition of said suit within the last five (5) years.

**ANSWER:**

3. If, in the past ten (10) years, you have ever been arrested, charged with, or convicted of any crime (including as a result of the occurrence made the basis of this lawsuit), please state what you have been arrested for charged with, or convicted of, and state the date, place, and ultimate disposition of the offenses.

**ANSWER:**

4. If you contend that your vehicle was damaged in the collision, please describe the damage incurred and the cost of repairing said damage.

**ANSWER:**

5. Have you, your agents, investigators or attorneys or anyone acting on your behalf obtained a written or recorded statement of any kind, report or memorandum, whether recorded stenographically transcribed, oral or otherwise from any person. If so, please identify the individual from whom the statement was taken and the date the statement was taken. If so, then please also indicate your willingness to allow Plaintiff to inspect and copy or photograph the same.

**ANSWER:**

6. Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff or any agent, servant employee of Plaintiff. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present

when such communication was made.

**ANSWER:**

7.      Describe any insurance agreement under which any insurance business may be liable to
        satisfy part or all of the judgment which may be entered in this action, or to indemnify or
        reimburse for payments made to satisfy the judgment, by stating the name of the person
        or entity insured, the name of the insurer, and the amount of any liability insurance
        coverage.

**ANSWER:**

8.      If the amount of the stated coverage of any liability insurance policy you have described
        above is subject to change or reduction by reason of prior claims during the applicable
        policy period, by reason of attorney expenses in the defense of this or other claims, or for
        any other reason, state the present amount remaining under such coverage available to
        pay any judgment in this case, and describe in detail how the sum was arrived at.

**ANSWER:**

9..     If the insurance policy you have described above is a single limit policy, state what
        amounts have been paid to any other claimant that would serve to reduce the amount of
        available coverage under such policy.

**ANSWER:**

10.     What is your relationship to Defendant JOHN DOE DRIVER?

**ANSWER:**

11.     Why was Defendant JOHN DOE DRIVER driving your vehicle at the time of the
collision?

**ANSWER:**

12.     At the time of the collision, were you aware of any prior traffic violations against
        Defendant JOHN DOE DRIVER?  If so, name each violation you were aware of.
**ANSWER:**

13.     At the time of the collision, were you aware of any prior motor vehicle accidents caused by Defendant JOHN DOE DRIVER?  Is so, describe each accident that you were aware of including, but not limited to, the date of the accident(s), description of the accident(s), and the names, addresses and telephone numbers of all individuals involved.

**ANSWER:**

14.     What were you doing at the time of the collision?

**ANSWER:**

15.     Did Defendant JOHN DOE DRIVER contact you immediately following the collision?  If so, explain, in detail, the conversation between you and Defendant JOHN DOE DRIVER.

**ANSWER:**

## VERIFICATION

**STATE OF TEXAS** §
 §
**COUNTY OF** _____ §

BEFORE ME, the undersigned authority,

personally appeared BE TRUCKING CO., INC.

who stated, upon oath, that the statements made in the foregoing instrument are within her

personal knowledge and are true and correct.

_____

MABE TRUCKING CO., INC.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this _____ day of

_____ 2017, to certify which witness my hand and seal of office.

_____

Notary Public, State of Texas

## "EXHIBIT B"

### <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      As used herein, the terms "you" and "your" shall refer to the Defendant who the requests are directed to, that named Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of that named Defendant, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.   The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.   It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.   For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.     "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

5.     Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from March 3, 2015, through the date of production of documents requested herein.

## PLAINITFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT JOHN DOE DRIVER

1.   All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of JOHN DOE DRIVER's attorney or anyone acting on JOHN DOE DRIVER's behalf.

2.   All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of JOHN DOE DRIVER, JOHN DOE DRIVER's attorney or anyone acting on JOHN DOE DRIVER's behalf.

3.   All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of JOHN DOE DRIVER, JOHN DOE DRIVER's attorney or anyone acting on JOHN DOE DRIVER's behalf.

4.   All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of JOHN DOE DRIVER, JOHN DOE DRIVER's attorney or anyone acting on JOHN DOE DRIVER's behalf.

5.   All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of JOHN DOE DRIVER, JOHN DOE DRIVER's attorney or anyone acting on JOHN DOE DRIVER's behalf.

6.   Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

7.   All written statements made by Plaintiff, which are in the possession, constructive possession, custody or control of JOHN DOE DRIVER, JOHN DOE DRIVER's attorney or anyone acting on JOHN DOE DRIVER's behalf.

8.   All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of JOHN DOE DRIVER, JOHN DOE DRIVER's attorney or anyone acting on behalf of JOHN DOE DRIVER.

9.   Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to JOHN DOE DRIVER, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

10.  Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of JOHN DOE DRIVER that JOHN DOE DRIVER prepared as a result of the accident made the basis of Plaintiff's lawsuit.

11.  A copy of your automobile insurance policy including, but not limited to, the Declarations page.

12.  A copy of your driving record for the past five (5) years from any and all states including, but not limited to Texas.

13.  A copy of your current driver's license.

14.  A copy of all documents and correspondence between you and your insurance carrier.

15.  A copy of any and all documents regarding any traffic citations you received in the past five (5) years.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT MABE TRUCKING CO., INC.

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC.'s attorney or anyone acting on MABE TRUCKING CO., INC.'s behalf.

2. All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC., MABE TRUCKING CO., INC.'s attorney or anyone acting on MABE TRUCKING CO., INC.'s behalf.

3. All photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC., MABE TRUCKING CO., INC.'s attorney or anyone acting on MABE TRUCKING CO., INC.'s behalf.

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC., MABE TRUCKING CO., INC.'s attorney or anyone acting on MABE TRUCKING CO., INC.'s behalf.

5. All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC., MABE TRUCKING CO., INC.'s attorney or anyone acting on MABE TRUCKING CO., INC.'s behalf.

6. Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

7. All written statements made by Plaintiff, which are in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC., MABE TRUCKING CO., INC.'s attorney or anyone acting on MABE TRUCKING CO., INC.'s behalf.

8. All oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of MABE TRUCKING CO., INC., MABE TRUCKING CO., INC.'s attorney or anyone acting on behalf of MABE TRUCKING CO., INC..

9. Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to MABE TRUCKING CO., INC., as a result of the accident which has been

made the basis of Plaintiff's lawsuit.

10.   Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of MABE TRUCKING CO., INC. that MABE TRUCKING CO., INC. prepared as a result of the accident made the basis of Plaintiff's lawsuit.

11.   A copy of your automobile insurance policy including, but not limited to, the Declarations page.

12.   A copy of all documents and correspondence between you and your insurance carrier.

"EXHIBIT C"

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT JOHN DOE DRIVER

1.      You failed to control your speed and caused the collision made the basis of this lawsuit.

**ADMIT OR DENY:**


2.      You failed to properly apply your brakes.

**ADMIT OR DENY:**


3.      You did not operate your motor vehicle as a reasonable driver of ordinary prudence would have done in the same or similar circumstances.

**ADMIT OR DENY:**


4.      You are not claiming any negligence or responsibility on the part of Plaintiffs with regard to the collision.

**ADMIT OR DENY:**


5.      You failed to keep your vehicle a safe distance away from Plaintiff's vehicle.

**ADMIT OR DENY:**


6.      Your negligence proximately caused the collision.

**ADMIT OR DENY:**


7.      Your driver's license has been suspended on at least one occasion prior to this accident.

**ADMIT OR DENY:**


8.      You have been convicted of more than one traffic violation prior to this accident.

**ADMIT OR DENY:**

9.      Your negligence caused bodily injuries to Plaintiff.

**ADMIT OR DENY:**

10.     Your negligence caused pain and suffering to Plaintiff.

**ADMIT OR DENY:**

11.     Your negligence caused physical impairment to Plaintiff.

**ADMIT OR DENY:**

12.     You negligence caused mental anguish to Plaintiff.

**ADMIT OR DENY:**

13.     As a result of your negligence, Plaintiffs incurred medical expenses.

**ADMIT OR DENY:**

14.     Your negligence caused Plaintiffs to incur a loss of earning capacity in the past.

**ADMIT OR DENY:**

15.     At the time of the collision, Defendant MABE TRUCKING CO., INC. allowed you to
        drive his vehicle.

**ADMIT OR DENY:**

16.     At the time of the collision, Defendant MABE TRUCKING CO., INC. knew you were a
        reckless driver.

PLAINTIFF'S ORIGINAL PETITION                                                   Page 26

**ADMIT OR DENY:**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MABE TRUCKING CO., INC.

1.  You owned the vehicle driven by Defendant JOHN DOE DRIVER at the time of the collision.

**ADMIT OR DENY:**

2.  At the time of the collision, you allowed Defendant JOHN DOE DRIVER to drive your vehicle.

**ADMIT OR DENY:**

3.  At the time of the collision, you knew Defendant JOHN DOE DRIVER was an inexperienced driver.

**ADMIT OR DENY:**

4.  At the time of the collision, you knew Defendant JOHN DOE DRIVER was a careless driver.

**ADMIT OR DENY:**

5.  At the time of the collision, you knew Defendant JOHN DOE DRIVER was a reckless driver.

**ADMIT OR DENY:**

6.  At the time of the collision, you knew Defendant JOHN DOE DRIVER had a least one prior traffic violation.

**ADMIT OR DENY:**

7.  You are not claiming any negligence or responsibility on the part of Plaintiff with regard to the collision.

**ADMIT OR DENY:**

8.      Your negligent entrustment caused bodily injuries to Plaintiff.

**ADMIT OR DENY:**


9.      Your negligent entrustment pain and suffering to Plaintiff.

**ADMIT OR DENY:**


10.     Your negligent entrustment caused physical impairment to Plaintiff.

**ADMIT OR DENY:**


11.     You negligent entrustment caused mental anguish to Plaintiff.

**ADMIT OR DENY:**


12.     As a result of your negligent entrustment, Plaintiff incurred medical expenses.

**ADMIT OR DENY:**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **MABE TRUCKING CO INC**
     **BY SERVING ITS REGISTERED AGENT ROGER DALE MADE JR**
     **1603 MILL AVENUE**
     **EDEN  NORTH CAROLINA 27288**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **TERRENCE J FOREMAN**

Filed in said Court  **15th day of February, 2017** against

**JOHN DOE DRIVER AND MABE TRUCKING CO INC**

For Suit, said suit being numbered **DC-17-01804,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE,INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By   /s/ Gay Lane                        , Deputy
     GAY LANE



---

**ESERVE**

**CITATION**

---

**DC-17-01804**

---

**TERRENCE J FOREMAN**
vs.
**JOHN DOE DRIVER, et al**

ISSUED THIS
**16th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

---

**Attorney for Plaintiff**
LAWRENCE F ROLLE
ROLLE BREELAND & WINGLER
2030 MAIN STREET SUITE 200
DALLAS TX  75201
214-742-8897

---

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-01804

Court No.101st District Court

Style: TERRENCE J FOREMAN

 vs.

JOHN DOE DRIVER, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**  **JOHN DOE DRIVER**
**BY SERVING ITS REGISTERED AGENT ROGER DALE MADE JR**
**1603 MILL AVENUE**
**EDEN NORTH CAROLINA 27288**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **TERRENCE J FOREMAN**

Filed in said Court **15th day of February, 2017** against

**JOHN DOE DRIVER AND MABE TRUCKING CO INC**

For Suit, said suit being numbered **DC-17-01804,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, **REQUEST FOR
DISCLOSURE,INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR
ADMISSIONS,** a copy of which accompanies this citation. If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By /s/ Gay Lane                          , Deputy
GAY LANE

**ESERVE**

**CITATION**

**DC-17-01804**

**TERRENCE J FOREMAN**
vs.
**JOHN DOE DRIVER, et al**

ISSUED THIS
**16th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
LAWRENCE F ROLLE
ROLLE BREELAND & WINGLER
2030 MAIN STREET SUITE 200
DALLAS TX 75201
214-742-8897



**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-01804

Court No.101st District Court

Style: TERRENCE J FOREMAN

vs.

JOHN DOE DRIVER, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____



# 101st JUDICIAL DISTRICT COURT

GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

February 21, 2017

LAWRENCE F ROLLE
ROLLE BREELAND & WINGLER
2030 MAIN STREET SUITE 200
DALLAS TX  75201

Cause No:   DC-17-01804

       TERRENCE J FOREMAN
       vs.
       JOHN DOE DRIVER, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

       **April 14, 2017 at 9:00 AM**

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:    JOHN DOE DRIVER; MABE TRUCKING CO., INC.; LAWRENCE F ROLLE



# 101st JUDICIAL DISTRICT COURT

GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

February 21, 2017

MABE TRUCKING CO., INC.
BY SERVING ITS REGISTERED AGENT ROGER DALE MABE JR
1603 MILL AVENUE
EDEN NC  27288

Cause No:   DC-17-01804

            TERRENCE J FOREMAN
            vs.
            JOHN DOE DRIVER, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

          **April 14, 2017 at 9:00 AM**

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:   JOHN DOE DRIVER; MABE TRUCKING CO., INC.; LAWRENCE F ROLLE



## 101st JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

February 21, 2017

JOHN DOE DRIVER
No Known Address

Cause No:   DC-17-01804

          TERRENCE J FOREMAN
            vs.
          JOHN DOE DRIVER, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

          **April 14, 2017 at 9:00 AM**

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:   JOHN DOE DRIVER; MABE TRUCKING CO., INC.; LAWRENCE F ROLLE

## CAUSE NO. DC17-01804

| | | |
|---|---|---|
| Terrence J. Foreman | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| John Doe Driver, et al | § | |
| Defendant. | § | 101ST DISTRICT COURT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Ira L. Henson** who, being by me duly sworn, deposed and said:

"The following came to hand on **Feb 21, 2017, 12:15 pm,**

### CITATION/PETITION,

and was executed at **1603 Mill Ave., Eden, NC 27288** within the county of Rockingham                    at **01:34 PM**
on **Fri, Feb 24 2017,** by delivering a true copy to the within named

### ROGER DALE MABE/REG. AGENT FOR MABE TRUCKING CO., INC. VIA
### CERTIFIED MAIL/RETURN RECEIPT REQUESTED #7016 0750 0000 0825 6506

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Ira L. Henson**, my date of birth is 25-February-1954                    , and my address is **P.O. Box 460323, Garland, TX 75046,** and **United States of America.** I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Collin** County, State of **TX**, on **March 01, 2017.**

_Ira L Henson_

**Ira L. Henson**
**SCH #605**
**Exp Nov '17**

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

FILED

17 MAR -3 PM 12: 49

FELICIA PITRE
DISTRICT CLERK
DALLAS TEXAS
DEPUTY

To:   MABE TRUCKING CO INC
      BY SERVING ITS REGISTERED AGENT ROGER DALE MABE JR, TEXAS
      1603 MILL AVENUE
      EDEN  NORTH CAROLINA 27288

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **101st District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **TERRENCE J FOREMAN**

Filed in said Court  **15th day of February, 2017** against

**JOHN DOE DRIVER AND MABE TRUCKING CO INC**

For Suit, said suit being numbered **DC-17-01804,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, **REQUEST FOR
DISCLOSURE,INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR
ADMISSIONS**, a copy of which accompanies this citation.  If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 16th day of February, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By___/s/ Gay Lane_____, Deputy
         GAY LANE



---

CIT: 2/21 @ 12:15p   #1285280

**ESERVE**

**CITATION**

**DC-17-01804**

**TERRENCE J FOREMAN**
vs.
**JOHN DOE DRIVER, et al**

ISSUED THIS
**16th day of February, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
LAWRENCE F ROLLE
ROLLE BREELAND & WINGLER
2030 MAIN STREET SUITE 200
DALLAS TX  75201
214-742-8897

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-01804

Court No.101st District Court

Style: TERRENCE J FOREMAN

vs.

JOHN DOE DRIVER, et al

**SEE ATTACHED AFFIDAVIT**

Came to hand on the _____day of _____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

**SEE ATTACHED AFFIDAVIT**_____

Notary Public_____County_____

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER: *COMPLETE THIS SECTION***

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x *Blair M. Wray*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Blair M. Wray    2-24-17

1. Article Addressed to:

Mabe Trucking Co.
c/o Roger D. Mabe, Jr.
1603 Mill Ave.
Eden, N.C. 27288

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

*[postmark: NC 27288 FEB 24 2017 USPS]*

|||||||||||||||||||||||||||||||||

9590 9402 2203 6193 2479 53

2. Article Number *(Transfer from service label)*

7016 0750 0000 0825 6506

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
■ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

NII.8326

## CAUSE NO. DC-17-01804

| | | |
|---|---|---|
| **TERRENCE J. FOREMAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **101st JUDICIAL DISTRICT** |
| | § | |
| **JOHN DOE DRIVER and MABE** | § | **DALLAS COUNTY, TEXAS** |
| **TRUCKING CO., INC.** | | |

## DEFENDANT MABE TRUCKING CO., INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MABE TRUCKING CO., INC.**, Defendant named in the above-entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

## I.

## GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

## II.

## SECTION 18.091

Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

## III.

## SECTION 41. 0105

Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.  Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## IV.

## JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **MABE TRUCKING CO., INC.** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/Michael P. Scharp*

_____

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**ADAM J. STRANGE**
State Bar No. 24090763
astrange@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANT
MABE TRUCKING CO., INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 15th day of March, 2017 as follows:

*Via www.efile.txcourts.gov*
Larry Rolle
Rolle, Breeland, Ryan, Landau,
Wingler & Hindman
2030 Main Street, Suite 200
Dallas, TX 75201

*/s/Michael P. Sharp*

_____

**MICHAEL P. SHARP**